# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.

**JOHNNY L. PARTIDAS OLMEDO**,

    Plaintiff,

v.

**CLEANER'S GURU LLC**, a Florida Limited Liability Company d/b/a TOTAL G TELECOM, and **RAFAEL E. HERNANDEZ**, Individually,

    Defendants.

_____/

## COMPLAINT

Plaintiff JOHNNY L. PARTIDAS OLMEDO ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants CLEANER'S GURU LLC, a Florida limited liability company d/b/a TOTAL G TELECOM ("Total G"), and RAFAEL E. HERNANDEZ, individually ("Mr. Hernandez"), (collectively, "Defendants") and as grounds states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "Fair Labor Standards Act," the "FLSA," or the "Act") resulting from Defendants' violations of the Act's overtime wage provisions.

2. Jurisdiction is conferred on this Court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper for the U.S. Court for the Southern District of Florida because: (i) Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted and continue to conduct business there; (ii) the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; and (iii) Defendants are subject to personal jurisdiction there.

4. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise *sui juris*.

**PARTIES**

5. Plaintiff was employed by Defendants from January of 2022 until March of 2023. During this time, Plaintiff performed work for Defendants' benefit as a Climber in Miami-Dade County. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Total G is a Florida limited liability company organized and existing under and by virtue of the laws of Florida, and is registered to do business within the State of Florida. Total G maintains its principal place of business in Miami, Florida. During all times relevant to the filing of this Complaint, Total G has conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Total G is a telecommunication contracting company which provides installation and maintenance services for cell phone service providers including T-Mobile.

8. Total G engages in interstate commerce by installing and maintaining cell sites, and by purchasing and using goods and materials which have been transported across state lines.

9. Total G is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1) in that—during all times material to this Complaint—it has employed individuals who engage in commerce or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce as part of their job duties for Defendants.

10. Specifically, throughout Plaintiff's employment, Total G employed individuals such as Plaintiff who installed and maintained cell sites used for interstate communication using

equipment and materials which have been purchased and transported from outside of the State of Florida.

11. Upon knowledge and belief, Total G has annually done business or earned gross revenue which exceeds $500,000 for each of the past three years.

12. Mr. Hernandez is the owner, president, and manager of Total G, and exercised operational control over Total G's business activities throughout the duration of Plaintiff's employment with the company.

13. Throughout Plaintiff's employment, Mr. Hernandez acted directly in the interest of his company, Total G, and controlled the manner in which Plaintiff performed his work and the pay that Plaintiff was to receive.

14. Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

15. Plaintiff is a non-exempt employee of Defendants, is subject to the payroll practices and procedures set forth herein, and has worked more than forty hours during one or more workweeks within the three years preceding the filing of this complaint.

16. Plaintiff worked for Defendants as a Climber from November 2022 through February 26, 2023. Plaintiff's primary job duties included performing manual labor such as climbing cell phone towers to install antennas and maintain cell sites. Plaintiff did not have independent decision-making authority with respect to his job duties for Defendants.

17. Throughout his employment with Defendants, Plaintiff regularly worked approximately fifty hours per week for Defendants' benefit. Defendants paid Plaintiff a daily rate of $300.00 regardless of the number of hours that Plaintiff worked per week.

18. Throughout Plaintiff's employment with Defendant, Defendants paid Plaintiff his regular rate of pay for all hours that Plaintiff worked over forty per workweek.

19. Defendants failed to comply with 29 U.S.C. §§ 201-219 throughout Plaintiff's employment in that Plaintiff performed services for Defendants' benefit for which no provision was made to properly compensate Plaintiff for those hours worked over forty during each workweek.

20. Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employers to compensate their employees at a rate of at least one and one-half times the employee's regular hourly rate for all overtime work performed.

21. Defendants maintained complete control over the hours that Plaintiff worked and the pay that Plaintiff was to receive.

22. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay the firm a reasonable fee for its services.

23. Plaintiff is entitled to recover reasonable attorneys' fees and costs from Defendants if Plaintiff is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA (OVERTIME) against TOTAL G

24. Plaintiff re-alleges and re-affirms paragraphs 1 through 23 as though set forth in full herein.

25. This action is brought by Plaintiff to recover from Total G unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 *et seq*. 29 U.S.C. § 207 (a)(1) states that "[n]o employer shall employ any of his employees … for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

26. Since the commencement of Plaintiff's employment, Total G has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing individuals who work for longer than forty (40) hours per workweek without properly compensating them for all overtime hours at a rate not less than one and one-half times their regular rate of pay.

27. Specifically, throughout the entire duration of Plaintiff's employment, Total G compensated Plaintiff at the same rate of pay regardless of whether Plaintiff worked more or less than forty (40) hours per workweek.  As a result, Total G did not compensate Plaintiff at a rate of at least one and one-half times his regular rate of pay for each hour that Plaintiff worked beyond forty (40) hours.

28. Total G is and was, during all times material hereto, an enterprise engaged in commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).  Total G's business activities involve those to which the Fair Labor Standards Act applies.

29. Specifically, Total G is a telecommunication contracting company which provides installation and maintenance services for cell sites used for interstate and international communication.

30. Plaintiff was not exempt from the overtime pay requirements of the Act pursuant to any provision thereof.  Plaintiff performed manual labor tasks and did not have decision-making authority with respect to his job duties for Defendants.

31. Total G has knowingly and willfully failed to pay Plaintiff at a rate of at least one and one-half times his regular rate of pay for all hours that Plaintiff worked in excess of forty (40) per workweek during the three years preceding this lawsuit.

32. By reason of Total G's intentional, willful, and unlawful acts, Plaintiff has suffered damages and has incurred costs and reasonable attorneys' fees.

33. Plaintiff seeks to recover for unpaid overtime wages accumulated within the three years preceding the filing of this Complaint.

34. As a result of Total G's willful violations of the Act, Plaintiff is entitled to recover liquidated damages.

35. Plaintiff has retained the undersigned counsel to represent him in this action and, pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Total G.

WHEREFORE, Plaintiff respectfully prays for the following relief against Total G:

A. Adjudge and decree that Total G has violated the FLSA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### VIOLATION OF FLSA (OVERTIME) against RAFAEL E. HERNANDEZ

36. Plaintiff re-alleges and reaffirms paragraphs 1 through 23 as though set forth in full herein.

37. During all times material to this Complaint, Mr. Hernandez was, and is now, the owner, president, and manager of Total G.

38. Mr. Hernandez was an employer of Plaintiff within the meaning of § 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)] in that he acted directly in the interests of Total G throughout Plaintiff's employment.

39. Specifically, Mr. Hernandez supervised Plaintiff while he worked, determined the company payroll decisions of Total G, and maintained the right to hire and fire Plaintiff throughout his employment with the company.

40. Mr. Hernandez exercised operational control over Total G's business and day-to-day activities throughout the duration of Plaintiff's employment.

41. Because Mr. Hernandez maintained operational control over Total G throughout Plaintiff's employment, Mr. Hernandez is jointly liable for Plaintiff's damages.

42. Mr. Hernandez willfully and intentionally refused to properly pay Plaintiff overtime wages as required under state and federal law, and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

43. By reason of Mr. Hernandez's intentional, willful, and unlawful acts, Plaintiff has suffered damages and has incurred costs and reasonable attorneys' fees.

44. As a result of Mr. Hernandez's willful violations of the Act, Plaintiff is entitled to recover liquidated damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Mr. Hernandez:

A. Adjudge and decree that Mr. Hernandez has violated the FLSA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: July 27, 2023                                  Respectfully submitted,

<div style="margin-left:auto">

*/s/ P. Brooks LaRou*
Nathaly Saavedra, Esq.
Florida Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Florida Bar No. 115784
Email: juan@peregonza.com
P. Brooks LaRou, Esq.
Florida Bar No. 1039018
Email: brooks@peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive, Suite 290
Miami, Florida 33126
Telephone: (786) 650-0202
Facsimile: (786) 650-0200
*Counsel for Plaintiff*

</div>